IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN H. RICHARDSON and<br>LINDA RICHARDSON,<br><br>          Plaintiffs,<br><br>V.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>AS TRUSTEE FOR THE REGISTERED<br>HOLDERS OF AEGIS ASSET BACKED<br>SECURITIES TRUST MORTGAGE<br>PASS-THROUGH CERTIFICATES,<br>SERIES 2005-4 and OCWEN LOAN<br>SERVICING LLC,<br><br>          Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:16-cv-2434-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

On September 30, 2016, the undersigned, acting on the Court's independent duty to examine its subject matter jurisdiction, issued a recommendation that the Court determine that it has subject matter jurisdiction over this action under 28 U.S.C. § 1332. *See* Dkt. No. 22.

Plaintiffs John H. Richardson and Linda Richardson have now filed a notice of or motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* Dkt. No. 23. Plaintiffs seeks to dismiss this case in its entirety without prejudice

and assert that "Defendants have not answered the Original Petition or moved for summary judgement on any of the claims asserted therein" and that "Defendants' filing of their motion to dismiss under FRCP 12(b) generally does not affect the Plaintiffs' right to a voluntary dismissal under FRCP 41(a)(1)(A)(i)," such that "Plaintiffs' dismissal is permitted by Fed. R. Civ. P. 41 (a)(1)(a)(i) without court order." *Id.* at 1-2.

Rule 41(a) provides:

(a) Voluntary Dismissal.

    (1) By the Plaintiff. (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

    (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a).

A proper Rule 41(a)(1)(A)(i) "'notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.'" *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (quoting *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam)).

"Thus, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case [i]s effectively terminated. The court ha[s] no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right. Accordingly, the district court may not attach any conditions to the dismissal." *Id.* (citations and internal quotation marks omitted).

And the United States Court of Appeals for the Fifth Circuit "has determined that Rule 41(a)(1)(A)(i) means precisely what it says by stating that only the filing of an answer or motion for summary judgment terminates the plaintiff's unilateral right to dismiss the action by notice. As such, only an answer or a motion for summary judgment will suffice to preclude a plaintiff from dismissing under Rule 41(a)(1)(A)(i). An argument that a filing short of an answer or a motion for summary judgment joins the merits of the case, has consumed significant resources or effort, or is sufficiently equivalent to a motion for summary judgment, will not be heard." *Amerijet*, 785 F.3d at 973-74 (citations and internal quotation marks omitted).

No answer or motion for summary judgment has been served or filed in this case. But, on September 6, 2016, Defendants U.S. Bank National Association, as Trustee for the Registered Holders of AEGIS Asset Backed Securities Trust Mortgage Pass-Through Certificates Series 2005-4 ("U.S. Bank") and Ocwen Loan Servicing LLC ("Ocwen" and together with U.S. Bank, "Defendants") filed their Motion to Dismiss Pursuant Federal Rule of Civil Procedure 12(b)(6), which is pending. *See* Dkt. No. 10.

In certain instances, the Court may convert a Rule 12(b)(6) motion into a Federal Rule of Civil Procedure 56 summary judgment motion. *See Downs v. Liberty Life*

*Assurance Co. of Boston*, No. 3:05-cv-719-R, 2005 WL 2455193, at *4 (N.D. Tex. Oct. 5, 2005) ("When 'matters outside the pleadings' are submitted in support or in opposition to a Rule 12(b)(6) motion [to] dismiss, rule 12[d] grants the courts discretion to accept and consider those materials but does not impose an obligation to do so." (citing FED. R. CIV. P. 12(b) [currently FED. R. CIV. P. 12(d)])). If the Court is presented as part of a Rule 12(b) motion with matters outside the pleadings, Rule 12(d) gives the Court "complete discretion" either (1) to disregard the materials or (2), provided that the Court gives all parties "a reasonable opportunity to present all the material that is pertinent to the motion," to accept and consider them in treating the motion as one for summary judgment under Rule 56. FED. R. CIV. P. 12(d); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988). The Court exercises this discretion by determining whether the proffered material, and the resulting conversion from Rule 12(b)(6) to Rule 56, is likely to facilitate disposing of the action. *Isquith*, 847 F.2d at 193 n.3. But, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

Defendants' Rule 12(b)(6) motion to dismiss is supported by materials outside the pleadings. *See* Dkt. Nos. 11 & 12; *see generally Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979). But, in their motion to dismiss, Defendants ask only that the Court take judicial notice of materials that it is permitted to consider under

Rule 12(b)(6) without converting the motion to dismiss to a summary judgment motion. *See* Dkt. No. 11; *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 358 n.4 (5th Cir. 2016); *Mitchem v. Fed. Nat. Mortgage Ass'n*, 571 F. App'x 298, 299 (5th Cir. 2014); *Maloney Gaming Mgmt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011). And the Court's Order Setting Briefing Schedule reflects this approach and did not give notice of any intent to convert the motion to dismiss. *See* Dkt. No. 13 at 3-4.

The undersigned therefore concludes that Defendants' Motion to Dismiss Pursuant Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 10] should not be converted into a Rule 56 motion for summary judgment and that Plaintiffs are entitled to voluntarily dismiss their case without prejudice without a court order under Rule 41(a)(1)(A)(i).

## Recommendation

This case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and administratively closed pursuant to Plaintiffs John H. Richardson and Linda Richardson's Voluntary Dismissal [Dkt. No. 23].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 6, 2016

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE